FILED
AUG 1 1 2016
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

|                                         |   |                                                    |
|-----------------------------------------|---|----------------------------------------------------|
| STEVE HANEY,                            | : | 4:16-cv- 4113                                      |
|                                         | : |                                                    |
| Plaintiff,                              | : |                                                    |
|                                         | : |                                                    |
| vs.                                     | : | PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL    |
|                                         | : |                                                    |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | : |                                                  |
|                                         | : |                                                    |
| Defendant.                              | : |                                                    |
|                                         | : |                                                    |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

COMES NOW Plaintiff Steve Haney, for his Complaint against Defendant American Family Mutual Insurance Company, states and alleges as follows:

## Parties

1.  Plaintiff Steve Haney ("Haney") is, and at all relevant times was, a resident of Sioux Falls, South Dakota.

2.  Defendant American Family Mutual Insurance Company ("American Family"), is a Company organized, with its principal place of business, outside the State of South Dakota.

## Jurisdiction and Venue

3.  The Court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.

4.  The damages at issue exceed $75,000.

4:016-cv-_____
Plaintiff's Complaint and Demand for Jury Trial

## Statement of the Facts

5.    Haney purchased a policy of homeowner's insurance from American Family, which was in effect before and after June 2014.

6.    In June 2014, Haney's home was damaged in a hailstorm.

7.    The June 2014 hail storm caused extensive, widespread, functional, and plainly visible damage to Haney's shake shingle roof.

8.    Hail damage is a covered cause of loss under the insurance policy sold by American Family to Haney.

9.    Haney submitted a timely claim to American Family for the hail damage to the home.

10.   An authorized agent of American Family inspected Haney's home on July 2, 2014.

11.   Based on the initial inspection, Adam Palace, an authorized agent acting on behalf of American Family at all relevant times, wrote a letter to Haney on July 2, 2014.

12.   The July 2, 2014 letter claimed that there was little to no hail damage to the entire shake shingle roof.

13.   Adam Palace's July 2, 2014 report listed $3,890.15 as a reasonable amount to repair the damage to the shingles of Haney's home.

14.   $3,890.15 was not a reasonable amount of money to fix the damage caused by the hailstorm to Haney's shake shingle roof.

15.   American Family knew or recklessly disregarded the fact that $3,890.15 was not sufficient to repair Haney's shake shingle roof.

2

16.     American Family has a practice of limiting its payments to its insureds by failing to conduct a reasonable investigation and identifying an intentionally or recklessly low amount of benefits owed under the policy.

17.     American Family's purported July 2, 2014 investigation was not a reasonable investigation of Haney's claim.

18.     American Family knew or recklessly disregarded that its initial investigation was biased in favor of American Family.

19.     American Family had no reasonable basis to believe that $3,980.15 was sufficient to repair the hail damage to Haney's shake shingle roof.

20.     If American Family would have performed a reasonable investigation and/or evaluation of Haney's claim, it would have known that $3,980.15 was not sufficient to repair the hail damage to Haney's shake shingle roof.

21.     On July 13, 2016, American Family received a report from Haney's roofer explaining that there was "significant hail damage to the cedar shakes on the entire roof."

22.     American Family also received a July 11, 2016 report establishing that $68,259.61 was needed to properly repair the damage caused by the June 2014 hailstorm if the roof was not replaced.

23.     American Family then conducted another inspection of Haney's roof on August 3, 2016, which was memorialized in an August 4, 2016 report.

24.     The August 4, 2016 report established that "Functional hail damage was evident on all slopes of this roof" even though the July 2, 2014 investigation claimed that there was no hail damage to some of the slopes of Haney's home.

3

25.  The August 4, 2016 inspection also established that $3,890.15 was not a
     reasonable amount to properly fix the hail damage to the shake shingles because it
     found significantly more damage than the July 2, 2014 investigation disclosed.

26.  The August 4, 2016 report did not dispute the July 11, 2016 report that explained
     why $68,259.61 was needed to repair the damage caused by the June 2014
     hailstorm if the roof was not to be replaced.

27.  American Family sent Haney a letter on August 8, 2016, that relied exclusively on
     the August 4, 2016 report and completely ignored the July 11, 2016 report.

28.  Rather than pay Haney the full amount owed under the policy, American Family
     told Haney in its August 8, 2016 letter that "Nothing additional is owed on your
     claim."

29.  American Family has a pattern and practice of conducting sham investigations of
     its insureds' weather related property damage claims.

30.  American Family has a pattern and practice of limiting its payments to its insureds
     by failing to conduct reasonable investigations and identifying intentionally or
     recklessly low amounts of benefits owed under their policies.

31.  American Family's purported investigation of Haney's claim was another example
     of American Family not conducting a reasonable investigation or properly
     processing its insureds' claims.

32.  American Family knew or recklessly disregarded the fact that its initial
     investigation was biased in favor of American Family.

33.  American Family's practice of conducting an initial sham investigation caused
     additional damage to the shake shingle roof.

4

34.     American Family continues to refuse to pay the full amount owed under the policy
        needed to properly fix Haney's shake shingle roof for the damage caused by the
        June 2014 hailstorm and American Family's sham investigations.

35.     American Family intentionally and recklessly refuses to consider information
        establishing that spot repairing the damaged shingles, instead of replacing the
        entire roof, is not appropriate under these circumstances.

36.     American Family has engaged in a pattern and practice of denying and delaying
        the payment of the full amount of benefits owed under the policy.

37.     American Family had a duty to perform a reasonable investigation of Haney's
        claim.

38.     Part of each premium American Family charges includes a portion for the
        expenses required to properly investigate claims.

39.     American Family is required to conduct a reasonable investigation of an insured's
        claim.

40.     A reasonable investigation requires the insurer to look for reasons to pay, and not
        just reasons not to pay.

41.     In evaluating Haney's claim, American Family has a duty to give just as much
        consideration to his interests as it gave to its interests.

42.     American Family has a duty to assist Haney with identifying facts that support a
        payment that would fully fix the home, including Haney's shake shingle roof.

43.     American Family had a duty to inform Haney of any information obtained during
        its investigation of the claim regardless of whether the information would result in
        an increase in the amount needed to fully fix Haney's home.

44.     American Family refused to share all of the information that it obtained from its investigation of Haney's claim.

45.     American Family could not eliminate its duties of good faith and fair dealing by delegating them to an agent.

46.     American Family is responsible for the investigation and evaluation of Haney's claim by its agents.

47.     American Family's claims handling process as described in this Complaint is designed to deny paying its insureds, including Haney, the full amount owed under the insurance policy.

48.     American Family's claims handling process as described in this Complaint is designed to delay paying its insureds, including Haney, the full amount owed under the insurance policy.

49.     As a result of American Family's claims handling process as described in this Complaint, Haney has been damaged as follows:

     a.     Haney has been deprived of the benefits of the contract and of the timely fixing of his home depending on the current costs of materials and labor;

     b.     Haney's shake shingle roof has sustained additional damage as a result of American Family's sham investigations;

     c.     Haney has experienced increased expenses, aggravation, fear, annoyance, frustration, distress, and inconvenience due to the wrongful denial and delay of his claim;

     d.     Haney was forced to retain a lawyer at his personal expense;

## Count I
### (*Breach of Contract*)

50.   Haney realleges and restates paragraphs 1-49 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

51.   American Family has breached the contract of insurance with Haney by failing to pay the full amount of benefits owed under the policy in a timely manner.

## Count II
### (*Bad Faith*)

52.   Haney realleges and restates paragraphs 1-51 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

53.   American Family is intentionally or recklessly utilizing a claims handling process designed to maximize its profits at its insureds' expense.

54.   American Family is intentionally or recklessly utilizing a claims handling process designed to delay the payment of benefits owed under the terms of the policy.

55.   American Family is intentionally or recklessly utilizing a claims handling process designed to deny the full payment of benefits owed under the terms of the policy.

## Count III
### (*Punitive Damages*)

56.   Haney realleges and restates paragraphs 1-55 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

57.   American Family acted with oppression, fraud, or malice, as established in this Complaint, and punitive damages are necessary and appropriate in order to punish and deter.

7

## Count V
### (*Vexatious Refusal to Pay*)

58.   Haney realleges and restates paragraphs 1-57 of this Complaint and hereby
      incorporates them by reference as if fully set forth herein.

59.   American Family unreasonably and vexatiously refused to pay amounts owing
      under the policy, requiring the Court to award reasonable attorneys' fees as
      authorized under SDCL § 58-12-3.

## Requested Relief

WHEREFORE, Plaintiff Steve Haney prays that this Court:

1.   Enter judgment in Haney's favor;

2.   Award Haney his damages plus prejudgment interest thereon;

3.   Award Haney his attorneys' fees and costs as allowed by law; and

4.   Grant such other further relief as may be just and proper.

## Demand for Jury Trial

Haney demands a trial by jury with regard to any and all questions of fact
pertaining to any and all claims asserted in the above-entitled matter.

8

4:016-cv-_____
Plaintiff's Complaint and Demand for Jury Trial

Dated this 9th day of August, 2016.

FULLER & WILLIAMSON, LLP

Derek A. Nelsen
Eric T. Preheim
7521 South Louise Avenue
Sioux Falls, SD 57108
Phone:(605) 333-0003
Fax:   (605) 333-0007
dnelsen@fullerandwilliamson.com
epreheim@fullerandwilliamson.com
 *Attorneys for Plaintiff*

9