UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
FEB 03 2017
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| STEVE HANEY, | * | CIV 16-4113 |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION AND |
| | * | ORDER DENYING DEFENDANT'S |
| vs. | * | MOTION TO DISMISS |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendant's Motion to Dismiss Count II (bad faith) and Count III (punitive damages) pursuant to Federal Rule of Civil Procedure 12(b)(6) failure to state a claim for which relief can be granted. Doc. 8. The Court has considered all filings and for the following reasons, Defendant's motion is denied.

## BACKGROUND

In June of 2014, a hailstorm damaged numerous homes and other property in and around Sioux Falls, South Dakota. Soon thereafter, Plaintiff Steve Haney ("Haney") submitted a claim for hail damage sustained on his home to Defendant, American Family Mutual Insurance Company ("American Family"). Particularly, Haney had sustained damage to his shake shingle roof.

In July of 2014, Adam Palace, an authorized agent of American Family, inspected Haney's home. Based on that inspection, Mr. Palace concluded that there was little to no hail damage to the roof and listed $3,890.15 as a reasonable amount to repair the damage. Two years later, in July of 2016, Haney provided American Family with a report from a roofer that indicated that there was hail damage to the entire roof and that $68,259.61 was needed to repair the damage.

1

On August 3, 2016, American Family conducted another inspection of Haney's roof and found that hail damage was evident on all the slopes of the roof. On August 8, 2016, American Family issued a letter to Haney indicating that nothing additional would be paid on the claim.

On August 11, 2016, Haney filed a lawsuit in federal court against American Family alleging breach of contract, bad faith, punitive damages, and vexatious refusal to pay. American Family filed a Motion to Dismiss Count II (bad faith) and Count III (punitive damages) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Particularly, American Family argues that Haney's bad faith claim and request for punitive damages fail to satisfy the federal pleading requirements set forth in Rules 9(b) and 8(a)(2) of the Federal Rules of Civil Procedure, and thereby Haney has failed to state a claim upon which relief can be granted.

## LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable . . . ." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007), *cited with approval in Data Mfg., Inc. v United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (internal citations omitted). The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. *Id.* (internal citations omitted*), see also Benton v Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

Although a plaintiff, in defending a motion under Rule 12(b)(6), need not provide specific facts in support of its allegations, Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3 (further explaining that "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."); *see also Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Rule 8(a)(2) is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  As such, a claim must have facial plausibility to survive a motion to dismiss. *Id.* Determining whether a claim has facial plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id* at 679.

When a complaint contains allegations of fraud or mistake, Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "'Circumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." *Bennett v Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982).  "Because one of the main purposes of the rule is to facilitate a defendant's ability to respond and to prepare a defense to charges of fraud, conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Prop. Invs , Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995) (internal citations omitted).

## DISCUSSION

In a two-part argument, American Family claims (1) that Haney's bad faith claim, as a species of fraud, must comport with the heightened pleading requirements of Rule 9(b), and if not, (2) that Haney's bad faith claim fails to satisfy the notice pleading standards under Rule 8(a)(2).  As a federal court sitting in diversity,[1] the Court will apply the substantive law of South Dakota to resolve the above-stated issues. *See Erie R. Co. v Tompkins*, 304 U.S. 64 (1938) (finding that federal courts apply state substantive law and federal procedural law).

### COUNT II: BAD FAITH

1. *Whether South Dakota first-party bad faith is subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure*

"[B]ad faith litigation can be classified as either first- or third-party bad faith." *Hein v. Acuity*, 2007 SD 40, ¶ 9, 731 N.W.2d 231, 235; *see also Champion v United States Fid & Guar Co* , 399 N.W.2d 320 (S.D. 1987) (the case in which the Supreme Court of South Dakota first recognized a cause of action for insurance bad faith). "First-party bad faith . . . is an intentional tort and typically occurs when an insurance company consciously engages in wrongdoing during its processing or paying of policy benefits to its insured." *Id* (citing *Gruenberg v. Aetna Ins Co.*, 510 P.2d 1032, 1036 (Cal. 1973).  In order to prove a first-party bad faith claim, an insured

---

[1] The Court finds that Haney is a resident of Sioux Falls, South Dakota and American Family is a company organized outside of South Dakota, with its principal place of business located outside of South Dakota.

3

must show (1) "an absence of a reasonable basis for denial of policy benefits[,]" and (2) "the knowledge or reckless disregard of a reasonable basis for denial . . . ." *Champion*, 399 N.W.2d at 324. "[T]he knowledge of the lack of a reasonable basis may be inferred and imputed to an insurance company where there is reckless disregard or a lack of a reasonable basis for denial or a reckless indifference to facts or to proofs submitted by the insured." *Id*

While South Dakota law recognizes a cause of action for insurance bad faith, it has not directly addressed whether first-party bad faith is akin to fraud and thus subject to the heightened pleading requirements of Rule 9(b). Although American Family argued in its initial memorandum that *Kunkel v United Sec Ins Co of N J*, 168 N.W.2d 723 (S.D. 1969) and *Jennings v Jennings*, 309 N.W.2d 809 (S.D. 1981) stood for the proposition that "under South Dakota law, 'bad faith is a species of fraud[,]'" the Court disagrees. Instead, the Court finds that *Kunkel*, *Cernocky v Ind Ins Co. of North Amer.*, 216 N.E.2d 198 (Ill. App. Ct. 1966) (cited in *Kunkel*), and *Hilker v Western Auto Ins Co of Ft Scott, Kan.*, 235 N.W. 413 (Wis. 1931) (cited in *Cernocky*) establish that Rule 9(b) pleading requirements do not apply to first-party bad faith claims.

In *Kunkel*,[2] while the court discusses comparisons between fraud and bad faith, the court does not hold that they are equal or that a plaintiff must show fraud in order to prevail on a bad faith claim. *Kunkel*, 168 N.W.2d. at 725-26. Rather, the court equates bad faith and negligence, finding that "the character and extent of the insurer's negligence are factors to be considered by the trier of fact in determining if there is bad faith." *Id* at 726. Additionally, the *Kunkel* court cites to *Cernocky*—"where the court distinguished fraud and bad faith." *Id* at 732. In *Cernocky*, the court opined that allegations of fraud, negligence, or bad faith may render an insurance company liable. *Cernocky*, 216 N.E.2d. at 204. In so doing, the court found that while some jurisdictions equate bad faith with fraud, here "[t]he 'fraud' standard [was] not required." *Id* at 205. The *Cernocky* court also cited to *Hilker* for the proposition that,

> Terms which are not strictly convertible or synonymous have been used by different courts to indicate the same thing. Negligence has been used by some courts to mean the same thing that other courts have designated as bad faith. Bad faith, especially, is a term of variable significance and rather broad application. Generally speaking, good faith means being faithful to one's duty or obligation;

---

[2] The *Kunkel* case was the origin of the third-party bad faith cause of action in South Dakota  *See* Roger M. Baron, *When Insurance Companies Do Bad Things The Evolution of the "Bad Faith" Causes of Action in South Dakota*, 44 S D L REV 471, 481 (1998-1999)

> bad faith means being recreant thereto. In order to understand what is meant by bad faith, a comprehension of one's duty is generally necessary, and we have concluded that we can best indicate the circumstance under which the insurer may become liable to the insured by failure to settle by giving with some particularity our conception of the duty which the written contract of insurance imposes upon the carrier.

*Id.* (quoting *Hilker*, 235 N.W. at 414). Notably absent from the *Kunkel*, *Cernocky*, and *Hilker* courts' analyses is reference to the heightened pleading requirement of Rule 9(b). However, given the fact that South Dakota has only indirectly determined that Rule 9(b) does not apply to bad faith claims, the Court will not end its analysis there.

Few courts have addressed whether a claim for bad faith is subject to the heightened pleading requirements of Rule 9(b). 5A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1297 (3d ed.) (opining that "the distinction—between what constitutes fraud and what does not for purposes of Rule 9(b)—is far from clear."). Since Rule 9(b) is a special pleading requirement, contrary to the general approach of Rule 8, "its scope of application should be construed narrowly and not extended to other legal theories or defenses." *Id* For example, federal courts in Alabama have declined to extend Rule 9(b) pleading requirements to claims for insurance bad faith finding that,

> In an ordinary fraud case, the Rule 9(b) who/what/when/where specificity is necessary to apprise the defendant of what it is alleged to have done wrong. Without knowing the particulars of the fraudulent statement it is accused of making, a defendant cannot respond properly. Here, however, [the insurer] knows exactly what [the insured] contends it did wrong, with regard to a specific policy number and claim, plus [the insured's] allegations that there was no arguable basis for not paying the claim and that [the insurer] knew it. Armed with this kind of pleading detail, defendant is fully equipped to prepare a defense, and cannot plausibly profess to be in the dark as to [the insured's] claim. Rule 9(b) has no role here.

*Austin v Auto Owners Ins Co*, 2012 WL 3101693, at *3 n.7 (S.D. Ala., 2012); *see also Scottsdale Indem. Co v. Martinez, Inc*, 2013 WL 360139, at *3 (N.D.Ala., 2013) (quoting *Austin*).[3] Additionally, an Illinois federal court analyzed whether Rule 9(b)'s pleading

---

[3] American Family cites to *Jason's Port City Health Club, Inc v Hartford Fire Ins Co*, 2005 WL 1527692 (S D. Ala June 27, 2005), a 2005 Alabama district court case, for the proposition that "claims of bad faith under Alabama law are subject to Rule 9(b) " However, in 2013, the *Austin* Court found that the *Jason's Port City* decision does not support the position that insurance bad faith claims need to be plead with particularity *Austin*, at *2 n 3 In that case, "the undersigned merely 'assumed'—without finding—'that claims of bad faith under Alabama law are subject to Rule 9(b) '" *Id*

5

requirement applied to bad faith. *GMP Technologies, LLC v. Zicam, LLC*, 2009 WL 5064762, at *3 (N.D.Ill., 2009). In *GMP Technologies*, the court refused to extend Rule 9(b) requirements to allegations of bad faith and noted that:

> No federal court has ruled on whether the "bad faith" exception to federal preemption must be pled with particularity, and the Seventh Circuit has not addressed the question of the applicability of Rule 9(b) to allegations of bad faith. However, at least one appellate court has addressed the general question and found that allegations of bad faith are distinct from those of fraud, and so do not require pleading with particularity. *See Stern v Gen Elec Co.,* 924 F.2d 472, 476 (2d Cir.1991). Moreover, "bad faith" is no more similar to "fraud" than it is to "[m]alice, intent, [and] knowledge," which Rule 9(b) allows litigants to plead generally. *See* Fed.R.Civ.P. 9(b). The court finds that GMP's allegations of "bad faith" are subject to the general pleading requirement of Federal Rule of Civil Procedure 8(a).

*Id*

For the reasons articulated above, this Court finds that the heightened pleading standards of Rule 9(b) do not apply to first-party bad faith claims under South Dakota law. Instead, Haney's bad faith claim will be evaluated under the notice pleading standards of Rule 8(a)(2).

2. *Whether the Complaint satisfies the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure*

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). Although Rule 8(a)(2) is a relatively low threshold, it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

Here, Haney's Complaint alleges, in part, that:

5. Haney purchased a policy of homeowner's insurance from American Family, which was in effect before and after June 2014.

6. In June 2014, Haney's home was damaged in a hailstorm.

7. The . . . hailstorm caused . . . damage to Haney's shake shingle roof.

9. Haney submitted a timely claim to American Family . . . .

13. Adam Palace [an authorized agent of American Family] listed $3,890.15 as a reasonable amount to repair the damages to the shingles of Haney's home.

6

22. American Family [] received a . . . report establishing that $68,259.61 was needed to properly repair the damage . . . .

23. American Family then conducted another inspection of Haney's roof . . . .

24. The [report from the second inspection] established that "Functional hail damage was evident on all slopes of this roof" . . . .

28. American Family told Haney . . . that "Nothing additional is owed on your claim."

Doc. 1 at 2-4.

It is clear to this Court that the pleadings are not mere conclusions. Count II of the Complaint thus satisfies the pleading standards of Rule 8(a)(2) in order to overcome a Rule 12(b)(6) motion to dismiss.

### COUNT III: PUNITIVE DAMAGES

"Under South Dakota law, punitive damages may not be recovered unless expressly authorized by statute." *Hill v Auto Owners Ins Co*, 2015 WL 2092680, at *7 (D.S.D., 2015). SDCL 21-3-2 provides, in part, that:

> In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, . . . the jury, in addition to the actual damage, may give damages for the sake of example, and by way of punishing the defendant.

As such, "while [SDCL 21-3-2] does not allow punitive damages for a breach of contract, it does permit them in the case of a tort arising independent of the contract obligation . . . ." *Biegler v American Family Mut. Ins Co*, 2001 SD 13, ¶ 42, 621 N.W.2d 592, 604. A claim for punitive damages, however, must allege "oppression, fraud, *or* malice." SDCL 21-3-2 (emphasis added); *see also Biegler*, 2001 SD 13, ¶ 44, 621 N.W.2d at 605 (emphasis added) ("Since [SDCL 21-3-2] is in the disjunctive, it is only necessary to prove [oppression, fraud, *or* malice].").

South Dakota courts have found that "[a]n insurer's clear breach of contract or denial of a claim that is not fairly debatable may indicate malice." *Bertelsen v Allstate Ins. Co*, 2011 SD 13, ¶ 41, 796 N.W.2d 685, 699. Under the statute, malice is either actual or presumed. *Hill*, 2015 WL 2092680, at *8 ("A showing of either type of malice is sufficient to support punitive damages.").

7

> Actual malice is a positive state of mind, evidenced by a positive desire and intention to injure one another, actuated by hatred or ill will towards that person. Presumed malice may not, however, be motivated by hatred or ill will, but is present when a person acts willfully or wantonly to the injury of others.

*Case v Murdock*, 488 N.W.2d 885, 891 (S.D. 1992). With respect to presumed malice, the South Dakota Supreme Court has stated that to show "willful or wanton" misconduct,

> There must be facts that would show that [the] defendant intentionally did something . . . which [the defendant] should not have done or intentionally failed to do something which [the defendant] should have done under the circumstances that it can be said that [the defendant] consciously realized that [the defendant's] conduct would in all probability, as distinguished from possibility, produce the precise result which it did produce and would bring harm to the plaintiff.

*Berry v Risdall,* 576 N.W.2d 1, 9 (S.D. 1998). "Whether a defendant's conduct is willful and wanton is determined by an objective standard, rather than the defendant's subjective state of mind." *Hill*, 2015 WL 2092680, at *8 (citing *Berry*, 576 N.W.2d at 9).

In the present case, the Court has found that Haney's allegations of bad faith satisfy the notice pleading requirement of Rule 8(a)(2). *See supra* COUNT II BAD FAITH. Therefore, pursuant to SDCL 21-3-2, the claim for punitive damages may remain if the Complaint sufficiently pleads "malice." SDCL 21-3-2. Here, the Court finds the following: Haney had a policy of insurance with American Family in June of 2014. A June 2014 hailstorm damaged Haney's home, specifically his shake shingle roof. Haney submitted a timely claim to American Family. American Family found that $3,890.15 was a reasonable amount to repair the damage. Two years later, Haney's roofer found that the roof had suffered significant hail damage and that $68,259.61 was needed to properly repair the damage. American Family received the roofer's report and conducted another inspection of Haney's roof. The subsequent inspection revealed that there was hail damage on "all slopes of the roof" and that $3,890.15 was not a reasonable amount to fix the damage. However, American Family disregarded both the roofer's report and the subsequent inspection, and instead found that "[n]othing additional was owed on [the] claim." *See* Doc. 1.

Based on these allegations, the Court finds that the Complaint sufficiently alleges malice and thus supports a claim for punitive damages. As such, American Family's motion to dismiss Count III (punitive damages) is denied.

## CONCLUSION

The Court will not extend Rule 9(b)'s heightened pleading standard to Haney's bad faith claim, and under Rule 8(a)(2)'s pleading standard, Haney states a viable bad faith claim against American Family. For these reasons, the Court also finds that Haney's claim for punitive damages is viable and survives the motion to dismiss. Accordingly

IT IS ORDERED

1. That American Family's Motion to Dismiss Count II (bad faith) and Count III (punitive damages), Doc. 8, is denied.

Dated this 3rd day of February, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY